**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-20695
(Summary Calendar)

DELORES M. FILLINGIM,

Plaintiff-Appellant,

versus

CONTINENTAL AIRLINES,

Defendant-Appellee.

Appeal from United States District Court
for the Southern District of Texas
(CA H 94 715)

August 6, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Delores M. Fillingim appeals the district court's finding that no factual dispute existed between the parties. She challenges the summary judgment with numerous instances in which Continental denied her employment opportunities, for which she allegedly had superior qualifications, in favor of younger employees. After thoroughly reviewing the record, we agree that no factual dispute exists. Therefore, we affirm the district court's judgment.

**BACKGROUND**

Delores M. Fillingim worked for twenty years with Continental Airlines; the last few years, she served as its Human Resources Manager. She was hired in September, 1970 by Texas

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

International Airlines Credit Union as a loan officer and teller. Texas International purchased Continental and the two airlines merged. Fillingim remained in her position until 1984 when she assumed the duties of purchase order clerk in Continental's accounts payable department. Fillingim worked her way to the Manager of Personnel position for the Cargo group. Her duties remained the same when the Cargo Group merged with Continental in 1989. After reorganization in April, 1991, her position was absorbed into the Continental Human Relations Department, and her title became Manager of Employee Relations for Cargo Agents.

In September, 1991, Fillingim was indiscriminately furloughed from her position with Continental. Cheryl Weeks, the manager responsible for the furlough decision claimed that the decision was based on the division of work. At the time of the furlough, Fillingim had been working in the department longer than any of the other managers. The other employees reporting to Weeks who were not furloughed were substantially younger than Fillingim.

Fillingim allegedly was told that her furlough would be short and that Continental would transfer her to a position that was open in Denver. However, that position was later filled by a younger employee who allegedly was not as qualified as Fillingim.

Fillingim applied for six other positions, for which she allegedly was qualified or overqualified, but did not receive any. The administrator coordinator position, the third position for which Continental rejected Fillingim, was filled by a much younger and less experienced employee, Karen Miller. The job description called for experience and skills which Miller did not have, as reflected by her resume. Fillingim's resume, on the other hand, demonstrates that she possessed more than the required experience. Further, Fillingim trained Mabel Jordon, the employee who previously held the same position. The fourth position, Human Resources Manager position for the Pilots and

2

Mechanics Group, was filled by Ann O'Connor, who was younger and less qualified than Fillingim because she had no prior work history with Continental. [2] The fifth position was filled by Misty Eddy, an applicant who was a younger and less experienced employee than Fillingim. The hiring decision was based on several subjective criteria for which Eddy received high ranks, whereas Fillingim received low ranks: oral communication, oral presentation, leadership, job fit, judgment, teamwork/cooperation, technical/professional knowledge, sensitivity, ability to learn, and adaptability. Finally, the sixth position, Manager, Human Relations, was filled by Leisha Anthony, an applicant who was a younger and less qualified employee than Fillingim.

On April 28, 1992, Fillingim accepted the position of Airport Accounting Administrative Clerk, which she continued to occupy at the time the district court granted summary judgment.

## DISCUSSION

We review a grant of summary judgment under the parameters established by rule 56 of the Federal Rules of Civil Procedure. Summary judgment shall be granted if the record, taken as a whole, "together with the affidavits, if any, show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. The district court's summary judgment is reviewed de novo. Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 40 (5th Cir. 1996). We must resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

---

[2]It should be noted that Ann O'Connor later brought age discrimination charges against Continental. Though Fillingim does not dispute that O'Connor had more education than she did, she argues that her experience with Continental exceeded O'Connor's experience because O'Connor was hired off the street for the position.

The existence of a factual controversy in an age employment case must be measured by the procedural mechanisms established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The plaintiff must establish a prima facie case of discrimination. If she succeeds, then her employer must produce a legitimate nondiscriminatory reason to explain the adverse employment action. Then, the burden shifts to the plaintiff to prove that the proffered reason was a mere pretext and that discrimination was the true reason for the adverse action.

Fillingim establishes a prima facie case only if she can prove the following: (1) that she suffered an adverse employment action, (2) that she was qualified for the position, (3) that she was within the protected class at the time of the adverse action (i.e., over forty years of age at the time of termination), and (4) that she was replaced by someone outside of the protected class or that age was the reason for the termination. Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 957 (5th Cir. 1993); and Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1504-05 (5th Cir. 1988). Fillingim argues that Continental's hiring of a younger person instead of her for three positions available since her furlough in September 1991 proves that Continental discriminated against her because of her age.[3]

The district court correctly found that Fillingim established a prima facie case of age discrimination. The parties do not dispute that Fillingim established a prima facie case. Instead, Continental argues that Fillingim cannot overcome Continental's legitimate business reasons for the adverse employment decisions about which Fillingim complains. The district court found that

---

[3]We do not address the merits of Fillingim's discrimination claims regarding her furlough as well as the December 1991 and January 1994 denied positions because these claims are untimely, and she has provided insufficient evidence to prove her entitlement to the equitable tolling exception. See Blumberg v. HCA Mgt. Co., 848 F.2d 642, 644-45 (5th Cir. 1988), cert. denied, 488 U.S. 1007 (1989).

4

Continental satisfied its burden by providing detailed reasons for not hiring Fillingim for the positions which opened after her furlough. Thus, the issue to be determined is whether Fillingim has presented summary judgment evidence raising a genuine issue of material fact concerning Continental's reasons (i.e., that the reasons are pretextual and the true reason was to discriminate against Fillingim).

Fillingim attempts to refute Continental's reasons with unsubstantiated claims regarding her qualifications. First, Fillingim claims that she was more qualified for the administrator coordinator position than Karen Miller because of her accounting/payroll background and knowledge of Continental's work rules and pay scales. She also claims to have a background in data input and typing although she did not receive a favorable score on her data/typing test. Second, Fillingim asserts that she was more qualified than Ann O'Connor for the Human Resources Manager position because O'Connor was hired "off the street," although Fillingim concedes that O'Connor was "far superior in qualifications than the other employees hired into that group." It is also not disputed that O'Connor had acquired more education than Fillingim. Finally, Fillingim alleges that she was more qualified than Misty Eddy for the Manager of Human Resources position; however, she maintains that the use of subjective criteria to make the hiring decision allowed Eddy to outscore her.[4]

We find that Fillingim's subjective opinions regarding her qualifications are insufficient to refute Continental's proffered reasons and cannot prove that age was the real reason for her denied employment. Self-serving subjective beliefs cannot survive summary judgment. See Douglass v. United Serv. Auto. Asso., 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Generalized testimony by

[4]Though Fillingim failed to timely raise a claim regarding the Manager of Employee Relations position, we note the lack of evidence offered. Fillingim claims that she was better qualified for the Manager of Employee Relations position than Leisha Anthony although she does not list Anthony's qualifications or compare her qualifications with Anthony's. She merely argues that Anthony had been identified as someone lacking qualifications.

an employee regarding her subjective belief that her discharge was the result of discrimination is insufficient to make an issue for the jury. See id.; Portis v. First Nat'l Bank of New Albany, 34 F.3d 325, 329 (5th Cir. 1994); Molnar v. Ebasco Constr., Inc., 986 F.2d 115, 119 (5th Cir. 1993); and Sherrod v. Sears, Roebuck & Co., 785 F.2d 1312, 1316 (5th Cir. 1986).  Fillingim has not provided summary judgment evidence to substantiate her claims that she was the more qualified candidate for any of the three positions.  The record presents no evidence that Continental's real reason for refusing to hire Fillingim was to discriminate against her because she was over the age of forty.  Accordingly, we find that Fillingim has failed to offer evidence that would allow a reasonable jury to find that Continental's reasons for hiring Miller, O'Connor, and Eddy over Fillingim were pretextual.

We further find that the affidavits Fillingim submits do not prove a pattern of discrimination at Continental.  Affidavits of Glenda Goldsmith and Ann O'Connor, two human resources managers, suggest that they experienced adverse employment actions because of their ages.  However, the district court correctly found that Goldsmith's and O'Connor's situations were completely unrelated to Fillingim's claims and that the incidents do not prove that Continental's reasons were pretextual.  O'Connor's situation involved employee favoritism toward a younger employee, which raises issues not present in the present case.  Goldsmith's situation involved an alleged furlough because of age.  By contrast, Fillingim's situation involves employment decisions in which her qualifications and skills were compared with people who possessed superior qualifications for the positions at issue.  Though Fillingim had worked for Continental for many years, she had not mastered the particular skills that Continental needed and desired for the available positions.  Continental has articulated detailed reasons explaining why another employee was better qualified for the available positions.  We are convinced that Fillingim's evidence does not refute these reasons and, consequently, does not raise

6

a genuine issue of material fact.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's decision granting Continental's motion for summary judgment.